# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## Civil Case No. 1:11cv033
## [Criminal Case No. 1:08cr128-12]

| | |
|---|---|
| TRON TYRONE DIXON-REID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## PROCEDURAL HISTORY

On December 3, 2008, the Petitioner and fourteen co-defendants were charged with conspiracy to possess with intent to distribute more than 50 grams of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 1:08cr128-12, Doc. 2]. On February 20, 2009, the Petitioner entered into a Plea Agreement with the Government pursuant to which he agreed to plead guilty to that charge. [Id.,

Doc. 162]. The Plea Agreement contained an express waiver of his right to file a direct appeal from his conviction or sentence, except as to claims of ineffective assistance of counsel and prosecutorial misconduct. [Id.].

On February 23, 2009, the Petitioner appeared before Magistrate Judge Dennis L. Howell and pled guilty to conspiracy to possess with intent to distribute cocaine base. Judge Howell engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id., Doc. 163]. On July 27, 2009, Hon. Lacy H. Thornburg sentenced the Petitioner to 87 months imprisonment and three years of supervised release. [Id., Doc. 258].[1]

On December 18, 2009, the Petitioner sent a letter to the Fourth Circuit Court of Appeals seeking information regarding his appeal. [Id., Doc. 380]. The Fourth Circuit construed the letter as a *pro se* notice of appeal. [Id., Doc. 380-1]. On November 2, 2010, the Fourth Circuit granted the Government's motion to dismiss the appeal as untimely. [Id., Doc. 454].

On February 11, 2011, the Petitioner timely filed this motion in which he claims, among other things, that his trial attorney was ineffective for having failed to file a requested appeal. Specifically, the Petitioner has alleged that

---

[1] When Judge Thornburg retired, the Petitioner's criminal case was reassigned to the undersigned.

he "[m]ade a timely request to trial counsel to file an appeal" and that "counsel failed to listen to [his] request." [Doc. 1, at 6]. The Petitioner signed the motion under penalty of perjury. [Id., at 13].

## DISCUSSION

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel regardless of the merits of the appeal. United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel is not absolved of his duty to file a requested notice of appeal by a waiver of appeal rights in a plea agreement. Poindexter, 492 F.3d at 271. In this case, the Petitioner did sign an appeal waiver and thus, he may "obtain little more than an opportunity to lose at a later date." Id. at 273. Nonetheless, the Fourth Circuit consistently has held that the right to have the appeal filed must be upheld in such circumstances. Id.

Upon a showing that counsel was requested to appeal but failed to do so, the prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. Peak, 992 F.2d at 42. The Petitioner has alleged that his counsel failed to file a requested appeal. Even

3

if the Government were to file a response containing an affidavit in which the Petitioner's former attorney denies that the Petitioner requested that he file an appeal, the Court still would be compelled to give the Petitioner the benefit of the doubt.  United States v. Santana, 263 Fed.Appx. 334, 335 (4th Cir. 2008) (credibility determinations should not be made on conflicting affidavits).

The Court, therefore, finds that the Petitioner's Motion to Vacate should be granted only as to his claim that counsel was ineffective for failing to file a notice of appeal on his behalf.  The Court will vacate the original judgment and enter a new judgment from which an appeal may be taken.  The Petitioner's remaining claims are dismissed without prejudice to his right to file another habeas motion, if necessary, after a direct appeal.  United States v. Killian, 22 Fed.Appx. 300, 301 (4th Cir. 2001) ("Because [the Petitioner] has never had a direct appeal, ... taking further action on [his] motion beyond granting [the] Peak claim [would be] inappropriate.").

## NOTICE OF APPEAL RIGHTS

The Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals.  Should the Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North

4

Carolina within fourteen (14) calendar days after the date the Amended Judgment of conviction is filed or within fourteen (14) calendar days after any Government appeal is filed, whichever is later. Fed.R.App.P. 4(b)(1)(A).

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **GRANTED** in part as to the claim that his trial counsel provided ineffective assistance of counsel by failing to file a notice of appeal and is hereby **DENIED** without prejudice as to all other claims.

2. The Amended Judgment in a Criminal Case [Doc. 258] in <u>United States v. Dixon Reid</u>, Criminal Case No. 1:08cr128-12, is hereby **VACATED** and the Clerk of Court is instructed to prepare an Amended Judgment in a Criminal case with the same sentence, terms and conditions as indicated on the Amended Judgment in a Criminal Case [Doc. 258].

3. The Petitioner shall remain in the custody of the United States Attorney General and the Bureau of Prisons.

4. The Petitioner may appeal the Amended Judgment in a Criminal case in accordance with the provisions set forth herein.

5.  The Clerk of Court is instructed to mail a form Notice of Appeal to the Petitioner with the copy of this Order.

Signed: February 21, 2011

Martin Reidinger
United States District Judge